

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,173-01

### EX PARTE PATRICK EUGENE NASH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B20199-1604-W1 IN THE 242ND DISTRICT COURT FROM HALE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of sexual performance of a child and sentenced to thirty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Nash v. State*, No. 07-19-00298-CR (Tex. App.—Amarillo May 27, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that trial counsel was ineffective for failing to tender as an exhibit or otherwise make the search warrant a part of the trial record. Applicant also contends that appellate counsel was ineffective for failing to supplement the record with the search warrant, which prevented him from presenting a record sufficient to support the suppression claim raised on appeal. Applicant

has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial counsel and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court shall make specific findings as to trial counsel's and appellate counsel's reasons for not making the search warrant part of the trial and/or appellate record. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 12, 2022
Do not publish